UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JUDY LYONS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| REGIONAL MEDICAL CENTER | ) |
| AT LUBEC, INC., | ) |
| | ) |
|     Defendant | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

    Plaintiff, Judy Lyons, hereby complains against Defendant, Regional Medical Center at Lubec, Inc., as follows:

**PRELIMINARY MATTERS**

  1) This action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. (the "ADA"); the Civil Rights Act of 1991, 42 U.S.C. § 1981a; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehab Act"); the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"); the Maine Family Medical Leave Requirements, 26 M.R.S. §§ 843-849 ("Maine FMLR"); and the Maine Human Rights Act ("MHRA"), 5 M.R.S. §§ 4551 et seq.

  2) Plaintiff Judy Lyons is a citizen of the United States who resides in the Town of Lubec, Washington County, State of Maine.

  3) Defendant Regional Medical Center at Lubec, Inc. (hereinafter "RMCL"), owns and operates a medical practice in the State of Maine located in Washington County.

1

4) At all material times, RMCL has operated a "program or activity receiving Federal financial assistance" within the meaning of 29 U.S.C. § 794.

5) This action properly lies in the District of Maine under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

6) This action is properly filed and shall be tried in Bangor because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Washington County, Maine.

7) At all material times, RMCL was engaged in an industry affecting commerce and had 50 or more employees for each working day in each of 20 or more calendar weeks.

8) This court has proper subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331; 42 U.S.C. § 12117(a); and 29 U.S.C. § 2617(a)(2).

9) This court has proper supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367(a).

10) On or about January 6, 2022, Plaintiff filed a charge of employment discrimination against the Regional Medical Center at Lubec with the Maine Human Rights Commission ("MHRC") and the Equal Employment Opportunity Commission ("EEOC").

11) On or about June 23, 2022, Plaintiff amended her MHRC and EEOC complaints to name the RMCL and the Regional Medical Center at Lubec Inc. as respondents.

12) On September 8, 2022, the MHRC issued Plaintiff a right-to-sue letter pursuant to the MHRA, 5 M.R.S. § 4612(6).

13) On September 9, 2022, the EEOC issued a Dismissal and Notice of Rights letter pursuant to the ADA, 42 U.S.C. §§ 2000e-5(f)(1), 12117.

14) All preconditions precedent required to obtain the full relief available under the ADA and the MHRA have been performed or have occurred.

15) Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201, 2202; 29 U.S.C. § 794; 29 U.S.C. § 2617; 42 U.S.C. § 2000e-5; 5 M.R.S. § 4613(2)(B); and 26 M.R.S. § 848.

16) Compensatory damages are sought pursuant to 29 U.S.C. § 794, 42 U.S.C. § 1981a, and 5 M.R.S. § 4613(2)(B)(8).

17) Liquidated damages are sought pursuant to 29 U.S.C. § 2617 and 26 M.R.S. § 848.

18) Costs and attorney's fees are sought pursuant to 29 U.S.C. § 794; 29 U.S.C. § 2617; 42 U.S.C. § 2000e-5(k); 42 U.S.C. § 12205; 26 M.R.S. § 848; 5 M.R.S. § 4614; and Federal Rule of Civil Procedure 54.

## STATEMENT OF FACTS

19) Judy Lyons was employed as a receptionist for RMCL from 2004 through December 14, 2021.

20) She performed her job well throughout her employment.

21) Judy fractured her right shoulder on October 31, 2021.

22) She took a leave of absence for her broken shoulder starting at that time.

23) Judy's medical leave was protected by the FMLA and Maine FMLR.

24) Judy remained out of work because of her broken shoulder until her termination.

25) At the time of Judy's termination, a note from her orthopedic surgeon requested that, for medical reasons, Judy be excused from work until December 29, 2021, at which time she would be reevaluated.

26) It also stated that if additional information were needed to contact the orthopedic surgeon.

27) Based on information and belief, RMCL never contacted Judy's orthopedic surgeon.

28) Judy also has a history of bilateral carpal tunnel syndrome with surgical releases on May 6, 2021, and October 7, 2021.

29) She took medical leaves from work for those conditions from May 6, 2021, to May 21, 2021, and from October 7, 2021, to October 26, 2021.

30) Those medical leaves were protected by the FMLA and the Maine FMLR.

31) With respect to the above-described medical leaves, RMCL failed to notify Judy of her medical leave rights under the Maine FMLR.

32) On December 14, 2021, the RMCL terminated Judy's employment.

33) At that time, Judy was still entitled to additional leave under the FMLA and the Maine FMLR, which RMCL denied her by terminating her employment when it did.

34) Judy's medical conditions temporarily substantially limited one or more of her major life activities, including performing manual tasks, sleeping, lifting, driving, and working.

35) Her medical conditions had an expected duration of more than six months and impaired her health to a significant extent compared to what is ordinarily experienced in the general population.

36) RMCL also regarded her as having MHRA and ADA-protected medical conditions.

37) Judy also had a record of MHRA and ADA-protected medical conditions.

38) At the time of her termination Judy was qualified to work for RMCL, meaning, with or without reasonable accommodations—including, but not necessarily limited to, a continued temporary leave of absence and/or a modified work schedule—she could have performed the essential functions of her job.

39) RMCL intentionally terminated Judy's employment because of protected disability, because she required reasonable accommodations, and in retaliation for her prior medical leaves of absence.

40) RMCL denied Judy reasonable accommodations for her broken shoulder of a continued temporary leave of absence and/or a temporary modified work schedule.

41) RMCL failed to participate in good faith in the interactive process to identify the precise limitations caused by Judy's broken shoulder and the potential reasonable accommodations that could overcome them.

42) RMCL acted with malice or with reckless disregard for Judy's rights under state and federal law.

43) As a result of RMCL's unlawful discrimination in employment against Judy as alleged herein, she has suffered lost wages, lost benefits, loss of enjoyment of life, loss of self-esteem, injury to reputation, injury to career, emotional distress, and other pecuniary and non-pecuniary losses.

44) Judy has no plain, adequate, or complete remedy at law to fully redress the wrongs alleged, and she will continue to suffer irreparable injury from her treatment by Defendant unless it is enjoined by this court.

## COUNT I:  ADA

45) Plaintiff repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

46) RMCL violated the ADA.

## COUNT II:  REHAB ACT

47) Plaintiff repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

48) RMCL violated the Rehab Act.

## COUNT III:  MHRA

49) Plaintiff repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

50) RMCL violated the MHRA.

## COUNT IV: FMLA

51) Plaintiff repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

52) RMCL interfere with, restrained, or denied Judy the exercise of or the attempt to exercise her rights provided by the FMLA, in violation of the FMLA

53) RMCL discriminated against Judy because she took FMLA-protected leaves, in violation of the FMLA.

## COUNT V: MAINE FMLR

54) Plaintiff repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

55) RMCL interfere with, restrained, or denied Judy the exercise of or the attempt to exercise her rights provided by the Maine FMLR, in violation of the Maine FMLR.

56) RMCL discriminated against Judy because she took leaves protected under the Maine FMLR, in violation of the Maine FMLR.

## DEMAND FOR JURY TRIAL

57) Plaintiff demands a trial by jury on all matters to which Plaintiff has a right to trial by jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

(a) Enter Judgment in her favor;

(b) Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

(c) Enjoin Defendant, its agents, successors, employees, and those acting in concert with Defendant from continuing to violate the rights of the Plaintiff;

(d) Order Defendant to employ Plaintiff as if none of the discrimination had occurred or, in lieu of employment if such employment is determined to be impracticable, order front pay and benefits;

(e) Award Plaintiff back pay, lost employment benefits, other lost compensation, and interest on those amounts;

(f) Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

(g) Award Plaintiff an amount to offset the state and federal taxes she will be required to pay for compensatory damages and any increased taxes she will have to pay

because she has received a lump sum for lost wages, employment benefits, or other lost compensation;

(h) Award Plaintiff nominal damages;

(i) Award Plaintiff punitive damages;

(j) In the absence of an award of wages, salary, employment benefits or other compensation denied or lost, order Defendant to pay liquidated damages of $100 to Plaintiff for each day that the violation continued, as provided in 26 M.R.S. § 848(1);

(k) Award Plaintiff liquidated damages as provided in 26 M.R.S. § 848(2);

(l) Award Plaintiff liquidated damages as provided in 29 U.S.C. § 2617(a)(1)(A)(iii);

(m) Award Plaintiff attorney's fees, including legal expenses, expert witness fees, and costs of suit;

(n) Award Plaintiff prejudgment interest; and

(o) Grant Plaintiff such other and further relief as may be just and proper.

Dated: December 6, 2022               /s/ John P. Gause
                                      _____
                                      John P. Gause, Esq., Bar No. 8192
                                      Eastern Maine Law, LLC, P.A.
                                      23 Water Street, Suite 202
                                      Bangor, ME 04401
                                      (207) 947-5100
                                      jgause@easternmainelaw.com

                                      ATTORNEY FOR PLAINTIFF